# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

ROBERT ORR                                                   MOVANT

v.                                                                 No. 1:04CR22-M

UNITED STATES OF AMERICA                          RESPONDENT

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* motion of Robert Orr to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has responded to the motion, and the movant has replied. The matter is ripe for resolution. For the reasons set forth below, all grounds for relief in the instant motion – save one – shall be dismissed. The movant's claim that his attorney did not pursue an appeal when timely directed shall be set for evidentiary hearing by separate order.

## Facts and Procedural Posture

Robert Orr was initially named in a two count Indictment filed on February 26, 2004, in Criminal No. 1:04CR22, charging him and Timothy Nance with drug trafficking violations. Specifically, Count One charged Orr (aided and abetted by Nance) with distributing in excess of five grams of crack cocaine in violation of 21 U.S.C. §841. Count Two charged Orr with distributing in excess of five grams of crack cocaine in violation of 21 U.S.C. §841. On August 23, 2004, the government file an information and notice declaring intent to seek enhanced sentence under 21 U.S.C. §841(b)(1)(b) and §851. On August 26, 2004, the government filed a superseding indictment adding a third count to the indictment. Count Three of the indictment charged Orr with possessing in excess of five grams of crack with intent to distribute in violation

of 21 U.S.C. §841. Orr, with the assistance of counsel, entered into a plea agreement to plead guilty to count three of the superseding indictment November 10, 2004. The government agreed to dismiss the other counts of the superseding indictment against Orr upon acceptance of his guilty plea and sentencing on Count Three. In accordance with the plea agreement, Orr appeared before the court and tendered a plea of guilty to Count Three. The court accepted Orr's plea as knowingly and voluntarily entered. Plea Tr. 22-23.

On March 11, 2005, following the preparation of a presentence report and the submission of written objections by the defendant, the court conducted a sentencing hearing. The defendant's primary concern was whether he had been advised with constitutional notice of the enhanced penalties. Sent. Tr. 4-5. After ensuring that Orr understood the additional charge against him – and that he faced an enhanced penalty, the court sentenced him to 120 months incarceration, the applicable minimum mandatory sentence based upon the penalty enhancement filed by the government. The court advised Orr of his right to appeal and his right to request that the court appoint counsel and waive the costs of an appeal if he was unable to pay them . Sent. Tr. 13. The court entered judgment on March 16, 2005, and Orr did not appeal.

On November 1, 2005, Orr filed the instant *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, alleging he was denied effective assistance of counsel on two grounds: (1) that counsel failed to appeal when directed, and (2) that counsel failed to object to an improper enhancement of Orr's sentence. In his December 14, 2005, amendment to the motion, he added the following claim: (3) that counsel was ineffective in failing to argue that Orr's conviction should be overturned because the superseding indictment was not signed by the foreman of the Grand Jury or the United States Attorney. Finally, Orr added the following three ineffective assistance of counsel claims in his reply in support of his § 2255 motion: (4) counsel

-2-

failed to object to an improper arraignment, (5) counsel did not challenge an improper plea colloquy, and (6) counsel did not challenge violations of the notice provisions of 21 U.S.C. § 851.

### Ground Three:  Signature of the Foreman of the Grand Jury and the United States Attorney on the Superseding Indictment

Orr alleges in Ground Three of the instant motion that neither the foreman of the Grand Jury nor the United States Attorney executed the Superseding Indictment.  As these signatures can be found on the Superseding Indictment [17] in the court file, this ground shall be dismissed as frivolous.

### Ground One:  Failure of Counsel to Appeal When Directed

Robert Orr alleges in Ground One that he directed counsel to appeal his sentence within the deadline to do so, but his counsel failed to file a timely notice of appeal.  It is rare for the court to be able to resolve such a claim on the record, as discussions between attorney and client are generally not part of a court record.  However, if affidavits are supported by other evidence in the record, the court may render a decision without a live hearing.  *Owens v United States*, 551 F2d 1053 (5th Cir 1977).  Orr alleges that counsel did not consult with him about an appeal and did not file a notice of appeal when directed.  In his original motion filed under § 2255, Orr states, "After sentencing [Orr] ask[ed] this Court to appoint counsel to file a Notice of Appeal because he wanted to appeal his sentence.  However, [Orr] never heard from his counsel again." Although Orr is vague about the details of this claim, it is sufficient to warrant an evidentiary hearing on the matter.  As such, by separate order, the court shall set an evidentiary hearing to determine whether Orr made a timely request that his attorney file a notice of appeal in this case.

## Grounds Two, Five, and Six: Notice Regarding
## Added Charge and Enhanced Sentence

Grounds Two, Five, and Six are interrelated because they involve Orr's contention that he did not understand the charge to which he entered a plea of guilty because he had insufficient notice of the charge. Orr argues in these grounds that his attorney was ineffective for failing to object to the enhancement of his sentence because he did not receive notice of the enhancement under 21 U.S.C. § 851(a)(1). Section 851(a)(1) reads, in relevant part:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, *unless before trial, or before entry of a plea of guilty*, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

Orr concedes that the government filed the proper information with the court after the *original* indictment was filed. He argues, however, that § 851(a)(1) requires that the government file another information after filing the superseding indictment. Orr is simply mistaken in his interpretation of the governing law. When the government files notice under § 851, it need not file a second notice after an intervening event (such as a trial or superseding indictment) in the same case. *United States v. Cooper*, 461 F.3d 850 (7th Cir. 2006). Under the plain language of § 851, the government need only file the information "before trial, or before entry of a plea of guilty" and "serve[] a copy of such information on the person or counsel for the person." That is precisely what happened in the instant case. The government filed the information under § 851(a)(1) on August 23, 2004, and served a copy upon Orr's counsel. The court entered Orr's guilty plea on November 10, 2004. As such, Orr enjoyed proper statutory notice of the government's intent to seek an enhanced sentence under § 851(a)(1). Grounds Two, Five, and Six of the instant motion are thus without merit and shall be dismissed. In addition, the

government was not even required to provide § 851(a)(1) notice in Orr's case because the conviction used to enhance Orr's sentence was over five years old – and thus could not be challenged. 21 U.S.C. § 851(e).

Intermixed with these arguments is Orr's contention that his counsel knew that the government intended to seek enhancement of Orr's sentence "but failed to discuss this fact" with him. The record belies this contention. First, both the original and superseding indictments contained charges under 21 U.S.C. § 841(a) *and § 841(b)(1)(B)*, which contains the following sentence-enhancement language:

> ***If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment*** and if death or serious bodily injury results from the use of such substance shall be sentenced to life imprisonment, ***a fine not to exceed*** the greater of twice that authorized in accordance with the provisions of Title 18, or ***$4,000,000*** if the defendant is an individual or $10,000,000 if the defendant is other than an individual, ***or both.*** Notwithstanding section 3583 of Title 18, any sentence imposed under this subparagraph shall, in the absence of such a prior conviction, ***include a term of supervised release*** of at least 4 years in addition to such term of imprisonment and shall, if there was such a prior conviction, include a term of supervised release ***of at least 8 years in addition to such term of imprisonment***. Notwithstanding any other provision of law, ***the court shall not place on probation or suspend the sentence of any person sentenced under this subparagraph.*** No person sentenced under this subparagraph shall be eligible for parole during the term of imprisonment imposed therein.

(emphasis added).

Near the beginning of the November 11, 2004, change of plea hearing, Orr's counsel stated:

> Judge, I met with Mr. Orr extensively, particularly in the last few days, and I have no doubt but that he understands what's going on and has made an intelligent decision with respect to this case.

Plea Trans., p. 4. The court read Count 3 of the superseding indictment to Orr, then asked his

-5-

counsel whether he had received a copy of the superseding indictment. Orr's counsel responded:

> Yes, sir, I would advise the Court that I have, and I've shared with Mr. Orr, I don't know that he's separately received a copy, but I would certify to the Court that he knows the three counts, and we've gone over them together.

Plea Trans., p. 6. The following exchange occurred a few minutes later in the proceeding:

**The Court.** Do you have any questions about this charge?

**Orr.** No, sir, Your Honor.

**The Court.** Do you understand what the maximum penalty is you could be sentenced to?

**Defense Attorney.** Begging the Court's indulgence for just a moment.

*[Conferring off the record]*

**Orr.** *Not less than 10 and no more than life.*

**The Court.** That's my understanding of it.

**Orr.** Yes, sir.

**The Court.** Is that, Mr. Spillers, your understanding?

**Asst. U.S. Attorney.** Yes, Your Honor.

**The Court.** And also not more than a 4 million-dollar fine, at least eight years supervised release, ineligibility for federal benefits, I believe, for up to five years and –

**Asst. U.S. Attorney.** Be 10 years, Your Honor, *because of the prior conviction.*

**The Court.** Okay. And a mandatory special assessment of $100. Is that how it's been explained to you?

**Orr.** Yes, sir, Your Honor.

Change of Plea Trans., p. 8-9 (emphasis added).

In addition, as discussed in depth above, the government filed notice of its intention to enhance Orr's sentence under 21 U.S.C. § 851 prior to the plea hearing and served a copy of the notice upon defense counsel. Notice to counsel is sufficient to satisfy the statute. 21 U.S.C. § 851(a)(1). Finally, the Notice of Penalties filed simultaneously with the superseding indictment states:

> *With respect to a defendant having a prior felony drug conviction and consistent with the provisions of 21 U.S.C. § 851*
>
> nlt 10 yrs and nmt life imprisonment – 21 U.S.C. § 841(b)(1)(A)
>
> nmt $4,000,000 fine, or both – 21 U.S.C. § 841(b)(1)(A)
>
> supervised release for nlt 8 yrs – 21 U.S.C. § 841(b)(1)(A)
>
> ineligibility for federal benefits up to 5 years after conviction – 21 U.S.C. § 862(a)(1)(A)
>
> $100 mandatory special assessment – 18 U.S.C. § 3013(a)(2)(A)

(emphasis in original).

Orr was present in the courtroom during the exchanges above – and himself acknowledged under oath that his sentence was to be "less than 10 and no more than life." He heard the Assistant United States Attorney politely correct the court regarding part of the sentence "because of the prior conviction." Orr heard his attorney tell the court that they had discussed the charges and that Orr understood them. Orr acknowledged to the court that the charges and potential penalties just discussed (which included mention of the prior conviction) reflected his understanding. As such, his bare allegation in the instant motion that counsel did not discuss the government's intention of using his prior conviction to enhance his sentence is without substantive merit and shall be dismissed. For these reasons, Grounds Two, Five, and Six of the instant motion shall be dismissed for want of substantive merit.

**Ground Four: Improper Arraignment**

Orr argues in Ground Four of the instant motion that he was never arraigned on the charge to which he pled guilty in violation of FED. R. CRIM. P. 10 – and that defense counsel was ineffective for failing to object to this deficiency. This allegation is also without merit. First, at Orr's change of plea hearing counsel brought the problem to the court's attention – and suggested a method for the court to cure it at that time and on the record. Change of Plea Trans., p. 4. Rule 10(a) of the Federal Rules of Criminal procedure reads, in relevant part:

> An arraignment must be conducted in open court and must consist of:
> (1) ensuring that the defendant has a copy of the indictment or information;
> (2) reading the indictment or information to the defendant or stating to the defendant the substance of the charge; and then (3) asking the defendant to plead to the indictment or information.

All three of these requirements were met at Orr's change of plea hearing. A formal arraignment proceeding separate from a guilty plea is not required if all of these requirements have been met. *Mayes v. United States*, 177 F.2d 505 (8th Cir. 1949) (lack of formal wording during arraignment does not invalidate it); *Hulsey v. United States*, 369 F.2d 284 (5th Cir. 1966); *United States v. Grote*, 632 F.2d 387 (5th Cir. 1980), *cert. denied* 102 S.Ct. 98, 454 U.S. 819, 70 L.Ed.2d 88, *reh'g denied* 102 S.Ct. 983, 454 U.S. 1129, 71 L.Ed.2d 118. In this case, the three requirements of Rule 10(a) were met. The arraignment proceeding was held in open court at Orr's change of plea hearing. The court stated the substance of the charge to which Orr was pleading (Count 3) by reading it to him from the superseding indictment. Orr had already been arraigned on the original indictment, which contained Counts 1 and 2 identical to those contained in the superseding indictment. Orr's counsel then certified to the court that he and Orr had reviewed the superseding indictment at length and that Orr understood the nature of the charges against him. The court then invited Orr to plead to Count 3 of the superseding indictment. Orr knew he

was pleading to Count 3 of the superseding indictment, and he understood Count 3, to which he pled guilty.  He knew that the other two charges were to be dismissed.  Then, after the court advised him of the possible consequences of pleading guilty, he entered a guilty plea to Count 3 of the superseding indictment.  Robert Orr thus had notice of the charges against him, counsel to assist him through the process, and an opportunity to respond in open court.  Therefore, his due process claim regarding lack of a formal separate arraignment proceeding shall be dismissed for want of substantive merit.

In sum, all of the grounds in the instant motion – except the allegation that counsel failed to file an appeal when timely directed – shall be dismissed for want of substantive merit.  By separate order, the court shall appoint counsel to Orr and set a hearing to determine whether counsel failed to file an appeal when timely directed by Orr.  A judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the  9th  day of June, 2008.

 /s/ Michael P. Mills
CHIEF JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI